```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA


JEFF MICHAEL GAUDET ET AL.            CIVIL ACTION

VERSUS                                NO: 15-795

GE INDUSTRIAL SERVICES ET AL.         SECTION: "J"(5)
```

## ORDER & REASONS

Before the Court is a *Motion to Set Aside and/or Modify March 17, 2016 Order* **(Rec. Doc. 134)** filed by Intervenor, Valero Refining-New Orleans LLC ("Valero"); an opposition thereto (Rec. Doc. 147) filed by Plaintiffs, Jeff Michael Gaudet and Michelle Paille Gaudet; an opposition thereto (Rec. Doc. 163) filed by Defendants, Circuit Breaker Sales Company Inc. ("CBSC") and Circuit Breaker Sales & Repair Inc. ("CBSR"); a supplemental memorandum (Rec. Doc. 183) filed by Valero; a response thereto (Rec. Doc. 198) filed by Plaintiffs; and a response thereto (Rec. Doc. 209) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

Also before the Court is Valero's *Motion for Leave of Court to File Additional Evidence* **(Rec. Doc. 181)** and Defendants' opposition thereto (Rec. Doc. 206). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from an electrical accident involving Jeff Michael Gaudet, which occurred at a refinery owned and operated by Valero. Gaudet is a certified electrician and had been employed by Valero for approximately seven years before the accident. On the day of the accident, Gaudet was performing a job task requiring electrical service to a switchgear in the refinery. While working on the switchgear, Gaudet allegedly came into contact with an energized electrical bus located in the bottom cubicle of the switchgear, sending an electrical shock through his body.

Gaudet filed the instant lawsuit against General Electric Company ("GE") and CBSC, alleging that GE originally manufactured the switchgear and CBSC refurbished it. Later, Gaudet added CBSR as a defendant, alleging that CBSR was the vendor. Gaudet asserted causes of action under the Louisiana Products Liability Act and general negligence, making allegations of construction defect, design defect, and inadequate warning. Valero intervened in the lawsuit, seeking recovery of any and all workers compensation indemnity and medical payments that Valero has made to Gaudet.

CBSC and CBSR issued a joint request for inspection of the switchgear to Valero on January 22, 2016. Defendants suggested two alternative protocols by which the inspection could be performed: one if the switchgear is kept in service and another if the switchgear is de-energized. A month later, Valero responded and

refused to permit the inspection, citing significant safety concerns if the inspection is performed while the switchgear is energized and substantial time and costs associated with de-energizing the switchgear. Consequently, Defendants filed a joint motion to compel inspection of the switchgear.

On March 16, 2016, Magistrate Judge North heard oral argument on the motion to compel the inspection. Following the hearing, Judge North granted the motion to compel and, considering the safety concerns raised by Valero, allowed Defendants to conduct a de-energized inspection of the switchgear, which would be limited to four hours. Two weeks later, Valero filed the instant *Motion to Set Aside and/or Modify March 17, 2016 Order* **(Rec. Doc. 134)**.

At the same time, Valero filed a motion for a protective order, which sought clarification of Judge North's order and raised issues similar to those in the instant motion. Judge North heard oral argument on the motion for a protective order on April 20, 2016. After the hearing, Judge North issued a minute entry clarifying the March 16, 2016 Minute Entry to emphasize that the inspection is to be conducted with the switchgear in a de-energized state and the entire switchgear may be inspected. Further, Judge North reasoned that Valero's request to allocate costs of the inspection would be more effectively addressed through a post-inspection motion itemizing the actual costs that were involved.

Considering the April 20, 2016 Minute Entry, this Court ordered Valero to file a supplemental memorandum to its instant motion and permitted the other parties to file a supplemental response. Due to the voluminous briefing on the issue already in the record, the Court limited the supplemental memoranda to ten pages in length. Valero filed its supplemental memorandum on April 29, 2016, contemporaneously with its *Motion for Leave of Court to File Additional Evidence* **(Rec. Doc. 181)**. Plaintiffs and Defendants filed their responses on May 3.

## LEGAL STANDARD

A magistrate judge's ruling on a nondispositive pretrial motion may be appealed to the district judge for review pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. A magistrate judge is afforded broad discretion in resolving such motions, and the standard of review is deferential. When a timely objection is raised to such a ruling, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case

4

law, or rules of procedure." *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016).

For issues that are committed to a magistrate judge's discretion, such as the resolution of discovery disputes, the decision will be reversed only for an abuse of discretion. *Id.; Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (3d ed. 2014) [hereinafter Wright & Miller].

### PARTIES' ARGUMENTS AND DISCUSSION

Valero contends that Magistrate Judge North's ruling is improper because the proposed inspection is unreasonable and exceeds the proportionality component of the scope of discovery. In its supplemental memorandum, Valero further argues that the switchgear inspection should not go forward because of the significant safety and environmental risks, as well as significant costs, associated with such an inspection.

Valero's supplemental memorandum relies heavily on additional evidence; therefore, the Court will first address Valero's motion

5

for leave to file the additional evidence. Rule 72(b), which provides for a *de novo* review of a magistrate judge's findings and recommendations as to dispositive motions, confers express authority on the district court to "receive further evidence." Fed. R. Civ. P. 72(b)(3). Thus, in the course of performing a *de novo* review of a magistrate judge's recommended disposition, "the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge." *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

However, the district court has no such authority when reviewing a magistrate judge's nondispositive order under the standard set forth in Rule 72(a). Under Rule 72(a), "the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *accord Moore v. Ford Motor Co.*, 755 F.3d 802, 808 (5th Cir. 2014) ("Because the district court's review of the magistrate judge's factual findings was limited to clear error review, there appears to be no basis for the district court to have received additional evidence."). The instant motion is governed by Rule 72(a). Therefore, there is no basis for this Court to receive additional evidence. Accordingly, Valero's motion for leave to file additional evidence must be denied.

Next, the Court considers whether the decision to grant the motion to compel the inspection was clearly erroneous or contrary to law. The court has broad discretion to compel or deny discovery. *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1103 (5th Cir. 1981). Under Rule 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). For purposes of discovery, the term "relevant" encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In exercising its discretion over discovery matters under Rule 26(b), courts must be mindful of the limitations placed on the frequency and extent of discovery. For example, the court must limit otherwise permissible discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 34 provides that a party may serve on any other party "a request within the scope of Rule 26(b) . . . to permit entry onto . . . property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Where a party seeks entry onto property for an inspection, a court will consider the relevance of the inspection and balance "the degree to which the proposed inspection will aid in the search for truth . . . against the burdens and dangers created by the inspection." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978); *accord Duvall v. BOPCO, L.P.*, No. 15-2404, 2016 WL 1268343, at *1-2 (E.D. La. Apr. 1, 2016) (quoting 8B Wright & Miller, *supra*, § 2214 (3d ed. 2010)).

Valero first asserts that Judge North ignored the fact that Defendants had ample opportunity to obtain the information they are now seeking. For example, Valero claims that it invited CBSC to inspect the switchgear on May 20, 2014, three days after the accident. This argument lacks merit. As an initial matter, Valero's purported invitation came in the form of an email stating "[w]e had an incident recently in the back of the gear" and asking

8

whether someone could come inspect the switchgear and work on a plan to install a barrier. The email does not specify what kind of "incident" occurred and makes no reference to potential litigation or fault of the Defendants. Accordingly, Judge North's conclusion that Defendants did not have any meaningful opportunity to inspect the switchgear is not clearly erroneous or contrary to law.

Nevertheless, even if Valero's invitation had been more explicit, Rule 26(b) requires that a court limit discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information *by discovery in the action*." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). Thus, the rule suggests that the party must have had ample opportunity after the commencement of the action, during the period for discovery. Valero's purported invitation took place over eight months before this lawsuit was filed. Thus, the Defendants have not had ample opportunity to obtain the information by discovery in this action.

Next, Valero contends that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. For example, Valero claims that the information sought can be obtained from the existing photographs that have already been produced to Defendants. Judge North determined that these photographs are an insufficient substitute for an actual inspection. Having reviewed the photographs in the record, the

Court concludes that this determination was not clearly erroneous or contrary to law.

Valero further argues that that the burden and expense of the proposed inspection outweigh its likely benefit. "[Rule 34] necessarily vests in the district court a sound discretion, on objection, whether and within what limits and under what conditions inspection . . . should be ordered." 8B Wright & Miller, *supra*, § 2214. "The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion." *Id.* "[D]iscovery has normally been allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery." *Id.*

In the instant case, Defendants list several reasons for the inspection, including to determine whether the switchgear had been properly maintained and whether it had been altered or modified. In a products liability case such as this, where manufacture and design defects are alleged, an inspection of the product is crucial. "Clearly, if a product was manufactured defectively, its defect is likely to be particular to the individual product. Consequently, a party's examination of that product may be critical to ascertaining, among other things, the presence of the defect." *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 29 (1st Cir.

1998); *see also Aktas v. JMC Dev. Co.*, 877 F. Supp. 2d 1, 21 (N.D.N.Y. 2012) ("[W]ithout an opportunity to examine the components of their work that were allegedly defective, defendants cannot properly defend the action."). Thus, the inspection is important for resolving the issues and will likely benefit the parties. Although a de-energized inspection may be more burdensome and costly than an energized inspection, Judge North's decision to order a de-energized inspection was based primarily on the safety concerns that were initially raised by Valero. Judge North's ruling that the burden or expense of the inspection is not unreasonable in light of the likely benefits to be secured is not clearly erroneous or contrary to law.

Next, Valero contends that Judge North erred by waiting until after the inspection to determine whether to allocate the costs. In short, Valero argues that Defendants should bear the full expense of the inspection in order to prove that they actually consider it worth the risk and cost. Under the discovery rules, "the presumption is that the responding party must bear the expense of complying with discovery requests." *Oppenheimer Fund*, 437 U.S. at 358. Notwithstanding this presumption, courts have considerable discretion under Rule 26(c) to allocate the costs of the discovery in appropriate circumstances.

Although courts have long had the authority to allocate expenses, Rule 26(c) was amended in 2015 to expressly recognize

11

this authority. Nevertheless, "[r]ecognizing the authority does not imply that cost-shifting should become a common practice. Courts and parties should continue to assume that a responding party ordinarily bears the costs of responding." Fed. R. Civ. P. 26(c)(1)(B) advisory committee's note to 2015 amendment. Thus, as the commentary to Rule 26(c) explains, allocation of expenses is the exception—not the rule—and should be reserved for appropriate circumstances. In this case, where the estimated costs of the inspection have ranged from "hundreds of millions of dollars" to just over one million dollars, Judge North's decision to defer ruling on the issue until after the inspection when the actual costs involved can be itemized was not clearly erroneous or contrary to law. Because the costs could be allocated to any of the parties, this decision encourages the parties to come up with a protocol for the inspection that is both safe and cost efficient.

Lastly, Valero argues that it needs at least thirty additional days to prepare for an inspection. In the April 20, 2016 Minute Entry, Judge North ordered that the inspection take place within seven days following this Court's ruling on the motion to review. Valero has been aware of the possibility of an inspection of the switchgear since the time Defendants filed their motion to compel over three months ago. Judge North granted the motion to compel the inspection seven weeks ago. In fact, if the inspection takes place one week from this Order, Valero will have had at least three

12

weeks to prepare for the inspection since the April 20, 2016 Minute Entry. Any inability of Valero to comply with the deadline is of its own making. The inspection shall take place within seven days.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Valero's *Motion to Set Aside and/or Modify March 17, 2016 Order* **(Rec. Doc. 134)** is **DENIED**.

**IT IS FURTHER ORDERED** that Valero's *Motion for Leave of Court to File Additional Evidence* **(Rec. Doc. 181)** is **DENIED**.

New Orleans, Louisiana, this 5th day of May, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE